# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| RONALD L.,[1] | : | Case No. 3:20-CV-260 |
| Plaintiff, | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | (by full consent of the parties) |
| vs. | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| Defendant. | : | |

## DECISION AND ENTRY

Plaintiff Ronald L. brings this case challenging the Social Security Administration's denial of his applications for period of disability, Disability Insurance Benefits, and Supplemental Security Income. The case is before the Court upon Plaintiff's Statement of Errors (Doc. #14), the Commissioner's Memorandum in Opposition (Doc. #17), Plaintiff's Reply (Doc. # 19), and the administrative record. (Doc. #11).

**I.    Background**

The Social Security Administration provides Disability Insurance Benefits and Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a). The term "disability" encompasses "any medically determinable physical or mental

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

In the present case, Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income benefits on March 27, 2017, alleging disability due to several impairments, including back problems, knee problems, a learning disability, facial injuries with a plate in the face, severe headaches, and memory loss. (Doc. #11, *PageID* #313). After Plaintiff's applications were denied initially and upon reconsideration, he requested and received a hearing before Administrative Law Judge (ALJ) Stuart Adkins. Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. §§ 404.1520, 416.920.[2] He reached the following main conclusions:

| | |
|---|---|
| Step 1: | Plaintiff has not engaged in substantial gainful activity since December 20, 2013, the earliest date for a potential finding of disability. |
| Step 2: | Plaintiff has the following severe impairments: spinal disorder involving degenerative disc disease, chronic obstructive pulmonary disease, occasional migraine headaches, obesity, borderline intellectual functioning. |
| Step 3: | Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. |
| Step 4: | His residual functional capacity (RFC), or the most he could do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consisted of "light work as defined in 20 CFR 404.1567(b) and 416.967(b) subject to the following limitations: can lift and/or carry up to 20 pounds occasionally and ten pounds frequently; can stand and/or walk up to six hours in an eight-hour workday; can sit up to six hours in an eight-hour |

---

[2] The remaining citations will identify the pertinent Disability Insurance Benefits Regulations with full knowledge of the corresponding Supplemental Security Income Regulations.

> workday; allowance for the opportunity to alternate between sitting and standing every 20 minutes while remaining at the work station; cannot climb ladders, ropes, or scaffolds; can occasionally climb ramps or stairs; can occasionally stoop, kneel, crouch, or crawl; can frequently balance; no concentrated exposure to dust, odors, fumes, or other pulmonary irritants; no exposure to unprotected heights or dangerous machinery; is limited to performing simple, routine tasks not involving production-rate pace or strict production quotas; can tolerate occasional changes to a routine work setting (defined as no more than one or two [p]er week)."
>
> Plaintiff is unable to perform his past relevant work as a construction worker, machine operator, floor waxer, or production helper.
>
> Step 5: Prior to March 11, 2019, when Plaintiff attained the age category of "advanced age," and considering his age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could have performed.
>
> Commencing March 11, 2019, considering Plaintiff's age, education, work experience, and RFC, there were no longer jobs that existed in significant numbers in the national economy that Plaintiff could perform.

(Doc. # 11-2, *PageID* #s 50-64). Based on these findings, the ALJ concluded that Plaintiff was not disabled prior to March 11, 2019 but became disabled on that date and has continued to be disabled. *Id.* at 64-65.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #11-2, *PageID* #s 51-55, 58-59), Plaintiff's Statement of Errors (Doc. #14), and the Commissioner's Memorandum in Opposition (Doc. #17). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II.     Standard of Review

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th

3

Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir.2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives [Plaintiff] of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## III. Discussion

Plaintiff argues that the ALJ committed reversible error in evaluating Plaintiff's symptom severity and the supporting medical evidence. (Doc. #14, *PageID* #s 2258-61). The Commissioner counters that the ALJ properly considered Plaintiff's testimony and complaints and accounted for his subjective complaints in the RFC. (Doc. # 17).

When a plaintiff alleges symptoms of disabling severity, the ALJ must follow a two-step process for evaluating those symptoms. *See* 20 C.F.R. § 404.1529 Social Security Ruling (SSR) 16-3p, 2016 WL 1119029, *3 (March 16, 2016).[3] First, the ALJ must determine whether the

---

[3]SSR 16-3p, 2016 WL 1119029, which "provides guidance about how [the SSA] evaluate[s] statements regarding the intensity, persistence, and limiting effects of symptoms," superseded SSR 96-7p and became applicable to decisions

4

individual has a medically determinable physical or mental impairment that can reasonably be expected to produce the symptoms alleged; second, the ALJ must evaluate the intensity, persistence, and functional limitations of those symptoms by considering objective medical evidence and other evidence, including: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms; (5) treatment, other than medication, received for relief of pain or other symptoms; (6) any measures used to relieve pain or other symptoms; and (7) other factors concerning functional limitations and restrictions due to pain or other symptoms. *See also* 20 C.F.R. § 404.1529(c)(3).

In performing this assessment, the ALJ is not required to analyze every factor but must still show that he considered the relevant evidence. *Roach v. Comm'r Soc. Sec.*, No. 1:20-CV-01853-JDG, 2021 WL 4553128, at *10–11 (N.D. Ohio Oct. 5, 2021). Indeed, the ALJ's assessment of an individual's subjective complaints and limitations must be supported by substantial evidence and be based on a consideration of the entire record. *Rogers*, 486 F.3d at 247 (internal quotation omitted). In turn, this evidence should be "scrutinized" for consistency. *Id*. Finally, the ALJ's explanation of his decision "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id.* at 248.

---

issued on or after March 28, 2016. *See* SSR 16-3p, 2017 WL 5180304 (October 25, 2017) (clarifying applicable date of SSR 16-3p).

Here, Plaintiff contends that the ALJ erred in his review of Plaintiff's subjective statements as it relates to his physical impairments. (Doc. #14, *PageID* #s 2259-61). Plaintiff's argument is well taken.

In reviewing the Plaintiff's subjective complaints related to his physical impairments, the ALJ provided the following assessment:

> For the reasons that follow, a "disabling" extent of functional limitation is unsubstantiated by convincing objective medical evidence or clinical findings until March 11, 2019. The evidence generally does not support the alleged loss of functioning. [Plaintiff] has sufficient physical capacity and adequate mental acuity to live independently (currently with his mother and, during the relevant past, with his adult daughter). [Plaintiff] has been held responsible for watching over his grandchildren in the past. He is able to help with household chores. He is capable of operating a motor vehicle.
>
> \*\*\*
>
> Restricting [Plaintiff] to performing the reduced range of "light" exertion described above adequately addresses the location, duration, frequency, and intensity of [Plaintiff's] alleged symptoms, as well as precipitating and aggravating factors, to the extent that such symptoms and aggravating factors are supported by objective medical evidence and clinical findings. There is no evidence of adverse side effects from treatment or medication that would prevent [Plaintiff] from performing competitive work activity at the "light" level of exertion on a regular and continuing basis.
>
> [Plaintiff's] treatment history is not consistent with a finding of disability, as defined for Social Security purposes, any earlier than March 11, 2019.

(Doc. #11-2, *PageID* #s 61-62).

ALJ Adkins' consideration of Plaintiff's subjective pain complaints and symptoms do not comport with the regulatory requirements. First, while the ALJ is not required to consider every factor outlined in 20 C.F.R. § 404.1529(c), ALJ Adkins's review is almost exclusively limited to an analysis of Plaintiff's daily activities. By focusing almost exclusively on his daily activities, the ALJ ignored objective evidence and clinical findings supporting Plaintiff's complaints as well as

evidence related to the lengthy and frequent course of medical treatment or the nature and extent of that treatment.

Second, to the extent that the ALJ considered the remaining factors, his analysis was completely perfunctory and devoid of any meaningful review. Simply stating that "a 'disabling' extent of functional limitation is unsubstantiated by convincing objective medical evidence or clinical findings" or that Plaintiff's "treatment history is not consistent with a finding of disability" without citing to any evidence or explaining the alleged lack of support or inconsistency is not "sufficiently specific" and fails to fulfill the obligation to "make clear to the individual and to any subsequent reviews the weight the adjudicator gave to [Plaintiff's] statements and the reasons for that weight." *Rogers*, 486 F.3d at 249.

Finally, while it is undisputed that an ALJ may consider daily activities as part of his review of a plaintiff's subjective complaints, minimal activities are not comparable to performing full-time competitive employment. *See Rogers*, 486 F.3d at 248–49*; see also Kalmbach v. Comm'r of Soc. Sec.*, 409 F. App'x 852, 864 (6th Cir. 2011) (finding that the plaintiff's daily functions, including her ability to run errands, prepare her own meals, dress herself without assistance and drive for thirty minutes a day to constitute "minimal activities … hardly consistent with eight hours' worth of typical work activities."). Here, ALJ Adkins' description of Plaintiff's daily activities "not only mischaracterizes [Plaintiff's] testimony regarding the scope of [his] daily activities, but also fails to examine the physical effects coextensive with their performance." *Rogers*, 486 F.3d at 248–49.

Specifically, in support of his decision, ALJ Adkins first cites to Plaintiff's ability to "live independently" as evidence that the record does not support the loss of functioning alleged by

7

Plaintiff. (Doc. #11-2, *PageID* #61). Despite making this statement, the ALJ goes on to acknowledge that Plaintiff "currently [lives] with his mother and, during the relevant past, with his adult daughter." *Id*. Accordingly, it seems that Plaintiff does not, in fact, live independently.

ALJ Adkins also relies on Plaintiff's testimony that he is able to watch his grandchildren, help with household chores, and operate a motor vehicle as being consistent with the ability to perform the reduced range of light work contained in his formulated RFC. *Id*. However, in reviewing Plaintiff's testimony on these activities, it is unclear how Plaintiff's ability to perform these activities is consistent with such an ability. Indeed, with regard to watching his grandchildren, Plaintiff testified that he is unable to play with them or pick them up because of his back. (Doc. #11-2, *PageID* #97). His testimony regarding his ability to perform household chores likewise provides little support for a finding that he can engage in light exertional work. In describing a typical day, Plaintiff testified that he gets up, makes breakfast, such as a bowl of cereal, and sits down and watches TV, though he cannot sit for long. *Id*. at 100. When he goes grocery shopping with his "70-something year[] old" mom who is on oxygen, "she can outdo [him] when [they're] in the store" as he will have to sit down and wait for her to finish because the pain is too much after just fifteen to twenty minutes. *Id*. As for household chores, Plaintiff testified that he tries to help with dishes, but that his daughter or mom usually handle it when they are there. *Id*. When Plaintiff has to wash the dishes himself, "that act kills [him.]." *Id*.

Finally, there is no evidence that Plaintiff operates a motor vehicle. On the contrary, at the hearing, Plaintiff testified that while he used to have a driver's license, it has since been taken away. (Doc. #11-2, *PageID* #86). Despite relying on this activity to support his findings, ALJ

8

Adkins fails to cite to any evidence suggesting that Plaintiff continues to operate a motor vehicle without a license.

In short, "the records do not appear to include any details about [these activities] … that would shed any light on plaintiff's ability to perform sustained, gainful [light] work activity." *Dotson v. Comm'r of Soc. Sec.,* No. 1:20-CV-405, 2021 WL 3019505, at *13 (S.D. Ohio July 17, 2021) (Litkovitz, M.J.). Thus, in using these activities to find Plaintiff capable of the reduced range of light work he formulated, the ALJ's decision is unreasonable and unsupported by substantial evidence. *See id*.

Accordingly, for the above reasons, Plaintiff's Statement of Errors is well taken.[4]

**IV.    Remand**

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

---

[4] In light of the above discussion, and the resulting need to remand this case, an in-depth analysis of Plaintiff's other challenges to the ALJ's decision is unwarranted.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under sentence four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming and the evidence of disability is not strong while contrary evidence is lacking. However, Plaintiff is entitled to have this case remanded to the Social Security Administration pursuant to sentence four of § 405(g) due to the problems discussed above. On remand, the ALJ should be directed to evaluate the evidence of record, including the medical source opinions, under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by case law; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether his applications for Disability Insurance Benefits and Supplemental Security Income should be granted.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Statement of Errors (Doc. #14) is **GRANTED**;
2. The Commissioner's non-disability finding is vacated;

3. No finding is made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

4. This matter is **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Entry; and

5. The case is terminated on the Court's docket.

March 16, 2022

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge